**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiffs**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Andrew Mausser and Marilyn Mausser, | ) | Case No. |
| | ) | |
| Plaintiffs, | ) | **COMPLAINT AND TRIAL BY JURY** |
| | ) | **DEMAND** |
| vs. | ) | |
| | ) | |
| Cavalry Portfolio Services, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, (where Plaintiffs reside in this district), and/or where Defendant transacts business in this district.

**PARTIES**

4.      Plaintiff, Andrew Mausser ("Andrew"), is a natural person who at all relevant times resided in the State of Arizona, County of Pinal, and City of Maricopa.

5.      Plaintiff, Marilyn Mausser ("Marilyn"), is a natural person who at all relevant times resided in the State of Arizona, County of Pinal, and City of Maricopa.

6.      Andrew Mausser and Marilyn Mausser ("Plaintiffs") are "consumers" as defined by 15 U.S.C. § 1692a(3).

7.      Defendant, Cavalry Portfolio Services, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

8.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

9.      Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

10.     Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

11.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12.     Defendant, via its agent and/or employee "Janene," placed a call seemingly intended for Plaintiff Andrew on January 6, 2100 @ 8:44 A.M., and at such time, Defendant failed to disclose its true corporate or business name and further failed to notify Plaintiff that the communication was from a debt collector.   (15 U.S.C. §§ 1692d(6), 1692e(11)).

13.     Alternatively, Defendant, via its agents and/or employees "Janene" and "Tina," contacted Plaintiff's mother Marilyn more than once in connection with an attempt to collect an alleged debt from someone other than her, and for purposes other than obtaining location information. (15 U.S.C. §§ 1692b, 1692b(3), 1692c(b)).

## COUNT I

14.     Plaintiffs repeat and re-allege each and every allegation contained above.

15.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Defendant violated the FDCPA;

b)  Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 each;

c)  Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be

allowed under the law;

   f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiffs are entitled to and hereby demands a trial by jury.

Respectfully submitted this 6th day of April, 2011

By: <u>s/ Marshall Meyers</u>
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiffs